George M. Fanelli, J.
This is an article 78 (Civ. Prac. Act) proceeding in the nature of mandamus in which petitioner seeks an order: (1) setting aside respondent Putnam County Treasurer’s rejection of its bids at a tax sale and refusal to issue it tax-sale certificates; and (2) directing respondent to issue it certain tax-sale certificates upon receipt by him of the sum of $597.27. Respondent cross-moves to dismiss the petition in point of law.
The papers indicate that respondent Putnam County Treasurer advertised a tax sale of certain properties for November 17, 1961 because of unpaid 1960 taxes. Petitioner attempted to bid in some eight parcels, but respondent refused to receive bids upon the ground that in his opinion such bids were made by or for persons not acting in good faith. It further appears that it has been the practice and policy of the County Treasurer of Putnam County to bid in on behalf of the county at the tax sales held by him some or all parcels on which taxes were unpaid so as to maintain a better relationship with the delinquent taxpayers by giving them priority with respect to a possible redemption and affording them the maximum benefits and protection. Such procedure is sanctioned by subdivision 3 of section 1008 of the Real Property Tax Law provided the Board of Supervisors adopts a resolution authorizing and directing such bidding. In this case, such an appropriate resolution was duly adopted by the Board of Supervisors and, just prior to the sale, a public announcement was made that unless a person bidding at the sale had an interest in the properties, such as a mortgagee, judgment creditor or other lienholder of record, all other bids would be rejected as not being made in good faith. Such procedure is likewise authorized by subdivision 1 of section 1006 of the Real Property Tax Law.
It is petitioner’s contention that respondent’s refusal to receive its bids was a part of a deliberate plan to evade the *366 provisions of the Beal Property Tax Law by excluding the general public from bidding at this sale and thus enabling him to be the successful bidder in each instance. ■ While it does not claim any interest in the eight parcels upon which it bid, petitioner points out in its petition that it did in good faith intend to carry through and that financially it had the capacity to make good such bids.
Subdivision 1 of section 1006 of the Beal Property Tax Law provides that “ The county treasurer may in his discretion decline to receive a bid on any parcel if in his opinion the bid is made by or for any person not acting in good faith ”. It has been held in Matter of Maiuccoro v. Herzog (4 A D 2d 456) that the “ good faith” referred to in this section does not necessarily refer to intention or capacity of the bidder to make-good hi-s bid (as urged by petitioner). While the Appellate Division in this case felt that it was not required to definitely decide all the possibilities that an absence of good faith might be included in the context of this section, it did, nevertheless, affirm a decision of the lower court which referred the issue of good faith to the trial court since it appeared in that case that the Board of Supervisors of Albany County had not adopted the resolution authorized in subdivision 3 of section 1008 of the Beal Property Tax Law (see Matter of Maiuccoro v. Herzog, 6 Misc 2d 828, 829). Hence, under such circumstances, the lower court was of the view that in the absence of any such resolution, the County Treasurer had no authority to ‘‘ freeze out all bidders ”.
However, this court is of the opinion that in the proceeding at bar no triable issue of fact is duly raised by the pleadings and the accompanying papers to require a trial. A reading of subdivision 3 of section 1008 and subdivision 1 of -section 1006 of the Beal Property Tax Law leads to the inescapable conclusion that in this case there need not be competitive bidding at a tax sale conducted by the County Treasurer. Here, it is conceded that in 1952 the Board of Supervisors of Putnam County by resolution authorized and directed the County Treasurer to bid in any or all lands at the tax -sale for the gross amount due thereon. This, in effect, spelled out the public policy and legislative wish adopted by the Board of Sixpervisors in dealing with tax liens and tax delinquency in general. Subdivision 1 of section 1006 empowers the County Treasurer “ in his discretion” to “ decline to receive a bid on any parcel if in his opinion the bid is made by or for any person not acting in good faith”. Certainly, if the Legislature was concerned merely with the good intentions or the financial ability and *367 capacity of a bidder to follow up with his bid, it would have been a relatively simple matter to have said so. However, the broad and sweeping discretionary power given to the County Treasurer to decline to receive a bid if in his opinion the bid is not made in good faith, must, of necessity, refer to the language set forth in subdivision 3 of section 1008 which empowers the County Treasurer to bid in all parcels at the tax sale, provided it has been authorized and directed to do so by a resolution of the Board of Supervisors.
In this case, respondent was on the day of the sale only carrying out the legislative policy and mandate of the Board of Supervisors of the County of Putnam, and petitioner’s characterization in its papers of such conduct is without merit. While it is called a “ tax sale ” in article 10 of the Real Property Tax Law, nevertheless, as pointed out by Mr. Justice Wechter (Erie County) in Matter of Tri County Realty Corp. v. Price (June 7,1948) such a “ ‘ sale ’ is not an auction and the opportunity for private profit by stranger bidding at such ‘ sale ’ does not vest a right in strangers attending thereat ’ ’. Rather, <( the procedure for these ‘ sales ’ is designed to implement and simplify the governmental agency’s collection of taxes, and at the same time to safeguard the taxpayer’s interests over and above his obligation to share the cost of government ”,
Petitioner has made no -showing nor does it make any claim that it was discriminated against or that respondent acted arbitrarily or capriciously toward it. The position urged by petitioner in this proceeding is one of law which the court has considered and found to be untenable. Moreover, in no event would petitioner be entitled to the tax certificates it seeks (see Matter of Maiuccoro v. Herzog, 4 A D 2d 456, supra). Accordingly, the application is denied and the petition is dismissed, but without costs.